IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



KAREN A. HILES,

    Petitioner

v.                                 CIVIL NO. 2:13-cv-705
                                   CRIMINAL NO. 2:09-cr-12

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter comes before the Court on Karen A. Hiles ("Petitioner")'s motion to correct sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"). In her motion, Petitioner argues that her sentencing violated the Constitutional protection against *ex post facto* laws by virtue of the Supreme Court's ruling in *Peugh v. United States*, 133 S.Ct. 2072 (2013). After reviewing Petitioner's motion, the Court **DENIES** the motion to vacate, ECF No. 95.

### I.    FACTUAL AND PROCEEDURAL BACKGROUND

A federal grand jury returned an Indictment against Petitioner and her husband, James G. Hiles, on January 21, 2009, charging them with seventy-three (73) counts related to counterfeiting, fraud, and identity theft. Petitioner pled guilty to Counts 1, 2, 13, 17, 20, 22, 24, 36, 41, 47, 51, 53, 63, 65, and 73 before the Undersigned on May 5, 2009. On August 3, 2009, the Court imposed the following sentence as to imprisonment – Count 1: 60 months, concurrent; Counts 2, 13, 17, 20, 22, 24, 36, 41, 47, 51, 53, 63: 71 months, concurrent; Count 65: 71 months, concurrent; Count 73: 24 months, to be served consecutive to all other counts. In sum, Petitioner was sentenced to serve a total of 95 months of imprisonment.

1

On June 10, 2013, the Supreme Court decided *Peugh v. United States*, under which Petitioner sought relief by filing her § 2255 Motion on December 18, 2013.

## II.   LEGAL STANDARD

Collateral review created by 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing Court lacked jurisdiction; (3) the sentence imposed was in excess of the maximum amount authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. On such grounds, the petitioner may move the court to vacate, set aside, or correct a sentence. The Supreme Court has held that a motion § 2255 is the appropriate vehicle by which a federal prisoner may challenge both a conviction and the post-conviction sentence. *Davis v. United States*, 417 U.S. 333, 343–44 (1974).

A district court may dismiss a petitioner's § 2255 motion without a hearing in several clearly defined circumstances. The statute provides that, "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney [and] grant a prompt hearing thereon . . . ." 28 U.S.C. § 2255. Thus, as a corollary, a court may dismiss a § 2255 motion if it is clearly inadequate on its face and if the petitioner would not be entitled to relief even assuming the facts alleged in the motion are true. Where the record refutes a petitioner's allegations, dismissal is appropriate. Likewise, if the motion can be resolved exclusively on issues of law, and no questions of fact exist, then summary dismissal is appropriate without an evidentiary hearing. *See Green v. United States*, 65 F.3d 546, 548–49 (6th Cir. 1995) (finding an evidentiary hearing unnecessary because all claims by petitioner alleged legal errors).

III. ANALYSIS

Petitioner seeks relief based on the Supreme Court's ruling in *Peugh*. In that case, the Court held that "there is an *ex post facto* violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." *Peugh* 133 S.Ct. at 2078. Here, Petitioner correctly notes that the Indictment by which she was charged alleged that she engaged in criminal conduct from January 2002 through December 2007. Petitioner also correctly notes that under the 2002 Guidelines the base level for her offenses was 6, U.S.S.G. § 2B1.1(a) (Nov. 2002), and that under the 2009 Guidelines (under which she was sentenced) the base offense level was higher, being 7. U.S.S.G. § 2B1.1(a) (Nov. 2009).

However, the increase in the base offense level for Petitioner's criminal conduct did not occur in 2009, but rather in 2003. While the Indictment that Petitioner pled guilty to did allege criminal conduct on her part from 2002 until 2007, the Counts that she pled guilty to all concerned criminal activity that occurred or was complete by February 23, 2004, at the earliest. In fact, the only Count to which Petitioner pled guilty that concerned any activity prior to 2004 was Count 1. However, Count 1 charged Petitioner with participation in a conspiracy that began in 2002 but was not complete until 2007. Therefore, the appropriate year by which Petitioner's conduct as to Count 1 should have been measured for purposes of sentencing was 2007.

Since all of the Counts to which Petitioner pled guilty to, and was sentenced on, concerned activity that was completed between 2004 and 2007 there could have been no error in failing to utilize the 2002 Guidelines base offense level of 6. Beginning with the 2003 Guidelines the base offense level for Petitioner's criminal conduct has remained at the higher level of 7, being the same base offense level that was used to calculate her sentencing range in

3

2009. Therefore, there was no *ex post facto* violation implicated by Petitioner's sentence and *Peugh* is inapplicable. The motion and the record conclusively show that Petitioner is entitled to no relief, and so the Court **DENIES** the § 2255 Motion, ECF No. 95.

Petitioner is **ADVISED** that she may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. For the reasons stated herein, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
December 30, 2013